UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-0549-JJG-7 |
| | ) | |
| KGWEBB, LLC, | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION TO SELL ESTATE ASSET FREE AND CLEAR OF ALL LIENS
PURSUANT TO 11 U.S.C. 363(f)**

COMES NOW Randall L. Woodruff, Trustee, and, in support of his Motion to Sell Estate Asset Free and Clear of All Liens Pursuant to 11 U.S.C. 363(f), states as follows:

1. He is the duly appointed Trustee in this case.

2. The debtor filed its Voluntary Petition herein on 06/10/2014.

3. At the date of filing, the debtor was the owner of certain real estate, the legal description of which is:
LOT NUMBERED 2 IN THE REPLAT OF LOTS 1, 2, AND 3 AIRPORT INDUSTRIAL PARK-PHASE 1A, A SUBDIVISION IN UNION TOWNSHIP, AS RECORDED IN PLAT BOOK 19,PAGE 5, RECORDS OF MADISON COUNTY, INDIANA, more commonly known as 330 Industrial Dr., Anderson, IN 46017.

4. The property is properly listed on the debtor's Schedule A.

5. During the course of administration of the estate, the Trustee has received an offer to purchase the listed real property for the amount of $310,000.00 from CMS Real Estate, LLC, 3207 W. Angle Road, Pendleton, IN 46064

6. The sale as proposed is to be an "as is", all cash sale with no warranty by the Estate and all costs of closing to be borne by Purchaser.

7. The Offer to Purchase containing all terms of the proposed sale is attached hereto, incorporated herein by reference and marked as Exhibit A.

8. The property is encumbered by liens in favor of Star Financial Bank, 6230 Bluffton Rd., Ft. Wayne, IN 46809, in the total amount of $161,549.85 as is evidenced by reference to Claim #1 filed herein on 02/03/2015, and the U.S. Small Business Administration, 8500 Keystone Crossing, Indianapolis, IN 46290 in the amount of $117,844.84 as evidenced by reference to Claim #2 filed herein on 02/13/2015.

9. Pursuant to 11 U.S.C. 363(f)(3) the Trustee should be permitted to sell said property free and clear of all liens inasmuch as the value of said liens is less than the proposed sale price and the liens can therefore follow said proceeds and be paid there from immediately upon receipt of the sale proceeds by the Trustee.

10. The Trustee believes said offer is reasonable and should be approved by the Court, inasmuch as the sale involves no cost to the estate; the offer is a cash offer that can be closed within thirty (30) days of Court approval; and, the proceeds from the sale are sufficient to pay all liens on the real estate leaving a balance in excess of $43,000.00 for payment of unsecured claims, if any, and costs of administration of the bankruptcy estate.

11. Upon expiration of the claims bar date, on 05/01/2015, the Trustee will be asking for authority to pay any surplus that may then exist over to the partners / owners of KGWEBB, LLC, Gary and Kristy Webb, c/o the Bankruptcy Estate of Gary and Kristy Webb, Case No. 14-05491-JJG-7, Randall L. Woodruff, Trustee, inasmuch as any such proceeds would be property of said bankruptcy estate.

      WHEREFORE, the Trustee respectfully prays the Court approve this offer to purchase and direct that the Trustee sell the debtor's real property, listed on Schedule A and commonly known as 330 Industrial Dr., Anderson, IN, to CMS Real Estate, LLC., for the sum of $310,000.00, free and clear of all liens, pursuant to the terms set forth above herein, that, upon the Court's approval of this motion and his receipt of the sale proceeds, the Trustee be authorized to pay, forthwith, and without further notice, the liens in favor of Star Financial Bank and the U.S. Small Business Administration set forth above herein, and for all other relief proper in the premises.

                                      /s/Randall L. Woodruff.
                                      Randall L. Woodruff

Prepared by:
Randall L. Woodruff
Attorney at Law # 2302-48
WOODRUFF LAW OFFICES, P.C.
115-A East Ninth Street
Anderson, IN  46016
Tel. (765) 644-6464

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing has been served, via the Court's Electronic Noticing System, personally, or by depositing same in the U.S. Mail, first-class postage prepaid, on 03/03/2015, upon:

      U.S. Trustee
      Debtor and Counsel
      Interveners and parties in interest

                                      /s/Randall L. Woodruff.
                                    Randall L. Woodruff

## OFFER TO PURCHASE

Purchaser, CMS Real Estate LLC, offers to buy from Seller, The United States Bankruptcy Trustee, the real estate and the improvements and fixtures referred to in paragraph B. (all collectively hereafter "Property") commonly known as 330 Industrial Drive, Anderson, MADISON County, Indiana, and legally described as follows:

LOT NUMBERED 2 IN THE REPLAT OF LOTS 1, 2, AND 3 AIRPORT INDUSTRIAL PARK-PHASE IA, A SUBDIVSION IN UNION TOWNSHIP, AS RECORDED IN PLAT BOOK 19, PAGE 5, RECORDS OF MADISON COUNTY.

in accordance with the terms and conditions set hereinafter set forth:

A. Purchase Price. Purchaser shall pay $310,000 for the above described property.

B. Improvements and Fixtures. Said purchase price includes all improvements permanently installed and affixed.

C. Method of Payment. Cash. Said purchase price shall be paid in cash at closing and no financing will be required.

D. Time for Obtaining Financing. No time is needed to obtain financing.

E. Closing Date. This transaction shall be closed at Fidelity National Title in Anderson, Indiana, 30 days after Court approval.

F. Possession. Possession shall pass at closing.

G. Inspections. Purchaser has inspected the Property including but not limited to heating, cooling, electrical, plumbing, roof, walls, ceilings, floor, foundation, basement, crawl space, well or water supply, septic or sewer (sanitary and storm), surface water drainage, water analysis, wood-eating insect infestation, hazardous waste, mold, fungus, allergens etc. geo technical, fire suppression and alarm systems, security systems and radon and accepts the Property AS IS.

H. Real Estate Tax. Real estate taxes shall be prorated on a calendar basis to the date of closing. In the event the real estate taxes are unknown at time of closing, then the last installment of such shall be used as a basis for any credits due Purchaser. ("Real Estate Taxes" shall include all charges placed on the Tax Bill for collection.) Pro-rated taxes shall be paid out of closing. Tax protests or appeals filed by Seller prior to closing may be assumed by Purchaser.

I. Title Evidence. As a condition to Purchaser's obligation to fulfill this contract and proceed to closing: Five (5) days prior to closing, Seller shall provide Purchaser, at Purchaser's expense, a title commitment showing title is free and clear. If title is not free and clear and Seller cannot make title marketable, Purchaser shall be relieved of all obligations hereunder. Purchaser shall be furnished a final commitment for title insurance in the amount of purchase price free and clear of any liens, encumbrances and title defects.

J. Settlement/Closing Fee: All closing fees shall be paid by PURCHASER.

K. Survey/Surveyor Location Report. As a condition to Purchaser's obligation to fulfill this contract and proceed to closing, if Purchaser requires a survey, such shall be at Purchaser's expense and shall not reveal any defects such as but not limited to encroachments, easements, right of ways, overlaps, boundary line disputes, actual or potential and any part of the Property in a flood zone area.

L. Utilities/Municipal Services. Seller shall pay out of closing all municipal services and public utility charges through the day of possession.

M. Public Improvement Assessments. Seller warrants that Seller has no knowledge of any planned improvements which may result in assessments and that no governmental or private agency has served notice requiring repairs alteration or correction of any existing condition. Public or municipal improvements which are not completed as of the date hereof but which will result in a lien or charge shall be paid by Purchaser.

N. Risk of Loss. Risk of loss and/or damage to the improvements on the Property shall not pass to Purchaser until closing when title to the Property transfers to the Purchaser. If damage or loss occurs prior to closing, Purchaser has the option to terminate all obligations hereunder.

O. Maintenance of Property. Damage or loss from the lack of maintenance which may occur from the Purchaser's tender hereof shall be treated as loss or damage under paragraph N.

P. Time Is Of The Essence. Time periods specified in this Agreement shall expire at Midnight on the date stated unless the parties agree in writing to a different date and/or time.

Q. Environmental. Zoning. Building Permits. Purchaser accepts a phase I environmental study provided by Seller. Purchaser has determined that the Property's current zoning classification allows Purchaser's intended use. Purchaser assumes any risk its ability or inability to obtain building permits to modify the Property for its intended use.

R. Miscellaneous Provisions. The transaction shall be closed in accordance with the following: Conveyance of the Property shall be by general Trustee's Deed, which does not warrant title but shall be free and clear of all of any liens, encumbrances and title defects of record.

S. Further Conditions. None

T. Expiration and Approval. The Seller (Trustee) shall have 10 days from Purchaser's tender hereof to file Motion to Approve with the U.S. Bankruptcy Court.

"Purchaser" by:

_[signature]_ Manager CMC Real Estate LLC    3/2/15
Signature, Title, Date.

## ACCEPTANCE

The above terms and conditions are accepted this _____ day of _____, 2015 at _____ __.M.

"Seller"

_____
Signature

This Instrument Prepared By:
Mark A. Bennett
Attorney at Law
1106 Meridian Plaza, Suite 235
Anderson, Indiana 46016
(765) 649-2443

F:REPA